# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| GREGORY GILLILAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV608-037 |
| | ) |
| AGNES JACKSON, | ) |
| | ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

On May 5, 2008, Gregory Gillilan, an inmate at Georgia State Prison in Reidsville, filed a 42 U.S.C. § 1983 suit against Nurse Agnes Jackson alleging that she refused to provide him with his physician-ordered seizure medication on multiple occasions and that, as a result, he has suffered at least four seizures and multiple head injuries, including one that required stitches. (Doc. 1 at 5.) Defendant has filed a motion to dismiss Gillilan's complaint,

alleging that he failed to exhaust the administrative remedies available to him. (Doc. 13.) Plaintiff has responded with two "motions" which, based on their content, the Court construes as oppositional responses to the motion to dismiss. (Docs. 15, 18.) For the reasons that follow, defendants' motion should be **GRANTED** and this case should be **DISMISSED**.

Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing his complaint, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA's exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." Harris v. Garner, 190 F.3d 1279,

1285–86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970, 972 (11th Cir. 2000). The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 918-19 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

Not only does the PLRA require exhaustion, it "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. Id. at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative

remedies. Id. at 83-84; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

The Eleventh Circuit has recently held that a defense of failure to properly exhaust administrative remedies under the PLRA should be treated as a matter in abatement, thus allowing a district court to resolve factual disputes concerning exhaustion. Bryant v. Rich, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter. As a result, deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 542 F.3d 1077, 1082 (11th Cir. 2008) (citing Bryant, 530 F.3d at 1374). The Court initially "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's

4

response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Turner, 542 F.3d at 1082. If, however, the complaint is not subject to dismissal through this first step where plaintiff's allegations are assumed to be true, the Court then "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. Because this Court is able to determine in the first step—by taking Gillilan's version of the facts as true—that Gillilan failed to exhaust his administrative remedies before bringing this claim, the Court may dismiss the complaint without proceeding to the second step under Turner. Id.

Gillilan filed his complaint using a form developed by the Middle District of Georgia; however, when he filed his complaint, he failed to include pages two and three of the six-page form. (Doc. 1.) As a result, the complaint as filed lacks any reference to, much less any allegation asserting, exhaustion of administrative

remedies.[1] In her motion to dismiss, defendant notes this deficiency and alleges that her own investigation has revealed that Gillilan neglected to exhaust his administrative remedies. (Doc. 13.) Although defendant claims (via affidavit of Anessa Kirkley, the prison's grievance coordinator) that plaintiff has never filed a formal grievance on this particular issue nor named this defendant in any of the formal grievances he has filed, (doc. 13), plaintiff has provided the Court with documents indicating that he did in fact file such a grievance. (Doc. 18, ex. 2.) In one of his responses to the motion to dismiss, plaintiff provides copies of an informal grievance dated April 30, 2008, which alleges that "C/O [sic] Ricks witnessed Nurse Agnes Jackson refuse to give me my seizure medicine" and that "this nurse retaliates because I told Dr. Broome she tells me she forgets [sic], which caused last seizure." (Id.) Plaintiff received a response to this informal grievance on May 19, 2008, and another

---

[1] The Court notes that under Jones, 127 S. Ct. at 921, plaintiff suffers no consequence from his failure to allege exhaustion, since "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."

6

document he has submitted to the Court shows that he completed a formal grievance form on the same day.[2] (Id.)

Because of this conflict between the parties' factual assertions, the Court, in applying Turner's first step, must analyze the exhaustion issue as if plaintiff's version of the facts is true. 541 F.3d at 1082. Thus, the Court considers whether Gilillan's April 30 informal grievance and his May 19 formal grievance satisfy the PLRA's exhaustion requirement.

Gillilan has not satisfied the exhaustion requirement of § 42 U.S.C.1997(e). He has provided copies of various grievances he has filed;[3] however, the April 30 grievance is the only one he has

---

[2] Because the portion of the form entitled "Warden's/Superintendent's Response" as well as the space for the warden to note the "received date" are blank, and also because the blank to fill in the date on the receipt portion is illegible, the Court is unsure as to when the formal grievance was actually submitted. The Court notes, however, that grievance coordinator Kirkley appears to have responded to this formal grievance on May 27, in direct contradiction to her sworn affidavit testimony that plaintiff had never filed a formal grievance on this issue nor against this defendant. (Doc. 18, ex. 4; doc. 13, ex. 2, ¶11, 12.)

[3] In addition to the April 30 informal and May 19 formal grievances, plaintiff has provided copies of a grievance filed August 10, 2008 (doc. 15, ex. 2) as well as an informal grievance filed July 9, 2008, with a formal grievance on the same issue filed July 17, 2008 (doc. 18, ex. 5). Because all of these grievances were filed after May 5, 2008, when the plaintiff filed his complaint with the Court, they are not relevant in the exhaustion determination.

presented to the Court that was submitted prior to May 5, the date the present complaint was filed with the Court. Eleventh Circuit precedent has made clear that simply filing a grievance without exhausting the administrative process before filing a complaint does not constitute exhaustion in satisfaction of the PLRA. See Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). The clear mandate of Johnson v. Meadows, 418 F.3d at 1159, is that a prisoner must *complete* the administrative process *before* filing an action such as this. As Gillilan filed his complaint with the Court five days after submitting his informal grievance and two weeks before receiving a response to the grievance, he had not exhausted his remedies prior to filing.[4]

---

[4] Moreover, even if plaintiff had waited and filed his complaint after submitting the formal grievance (which he mistakenly claims was the final step as "no other exhaustion process [is] available" (doc. 18 at 3)), he still would not satisfy the PLRA, because he never appealed the formal grievance to the Commissioner. "If their initial grievance is denied, [Georgia] prisoners must then file a timely appeal." Bryant, 530 F.3d at 1378 (11th Cir. 2008); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (concluding that a

For the foregoing reasons, the Court finds that defendant's motion to dismiss should be **GRANTED**, and Gillilan's complaint should be **DISMISSED** without prejudice. As a result, defendant's motion to stay discovery pending a decision on the motion to dismiss (doc. 16) should be **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this 20th day of October, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

---

prisoner who declined to appeal an untimely grievance failed to exhaust his administrative remedies).